ROBINSON v. CHINESE CHARITABLE & BENEVOLENT ASS'N OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. December 9, 1898.)

1. ASSIGNMENTS—EVIDENCE—SUFFICIENCY.
    Where a contract was made with two partners, and one assigned all his interest therein, and testified that the other had ceased to be connected with it by transferring it to him, and he was not contradicted, it supported a finding that the assignee was the sole owner of the contract.

2. BUILDING CONTRACTS—ABANDONMENT—MEASURE OF RECOVERY.
    Where a building contract reserved to the owner the right to finish the work and deduct the expense from the contract price if the contractor should fail on three days' notice to supply a sufficiency of workmen or material, and the contractor abandoned the work on such notice, and the owner completed the building, the former could recover the difference between such expense and the contract price.

3. PAYMENT—WHAT CONSTITUTES—DISCOUNTS.
    The fact that the attorney of one erecting a building discounts an order on the owner by the contractor which the owner pays in full does not prevent the latter from being credited with the full amount in settlement with the contractor.

Appeal from special term, New York county.

Action by Mary A. Robinson against the Chinese Charitable & Benevolent Association of New York and others. There was a judgment for plaintiff, and defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-LIN, and INGRAHAM, JJ.

Samuel Greenbaum, for appellants.

M. E. Duffy, for respondent.

RUMSEY, J. The action was brought to foreclose a mechanic's lien, filed by the plaintiff's assignor, Frederick Robinson, against the property of the Chinese Charitable & Benevolent Association, situate in Mott street, for work done and materials furnished, pursuant to a contract for an extension and repair of buildings upon the premises. The contract was made on the 3d of August, 1896, by Frederick Robinson & Co. The price to be paid for the work was $6,870,—$3,000 payable on the performance of certain of the work, and $2,000 on the performance of certain other work, and $1,870 on the completion of the job. Upon the trial, the court found that Robinson had done the work which entitled him to the first payment of $3,000. This finding is not disputed, and the certificate called for by the contract was presented. The court further found that the plaintiff's assignor was delayed in performing the work and furnishing the material which it was necessary for him to perform to entitle him to the second payment, because of the neglect of the defendant the Chinese Charitable & Benevolent Association to make the first payment. Whether the contractor did, in fact, perform the work necessary to entitle him to the second payment, was not actually decided by the court, although it is fairly to be inferred from the whole decision that the court concluded that that work was not performed. The court further found that Robinson failed to complete the work and furnish the materials required by the contract, and that the owners, on the 4th day of November, 1896, served on him the notice provided for in the contract, requiring him to complete the work, and that he still failed to proceed with it in accordance with the contract, and that the owners, three days after the service of the notice, proceeded with and completed the work, and furnished the materials. The court found that the owners had paid to Robinson himself $1,150 on account of the first payment; that they also had paid to certain persons $802 for material furnished to Robinson, and upon his order; that one Refrano was entitled to judgment for $751.20 for work done upon the building as a subcontractor; and that one Rosenberg was entitled to judgment for $289.52 also for work done under a subcontract with Robinson. The two persons last mentioned had filed liens upon the building. The court further found that the owner had expended necessarily, in the completion of the building, the sum of $1,887. These several amounts were credited to the owner upon the contract price of $6,870, and the court directed a judgment against the owner for $2,004.28, with interest, and judgment was accordingly entered for that amount. From that judgment, this appeal is taken.

The first objection taken by the defendants is that the plaintiff does not prove that she is the assignee of the contract. The contract was originally made with Frederick Robinson and William

Greer, composing the firm of Frederick Robinson & Co. The assignment to the plaintiff was made by Frederick Robinson individually, and assigned all his right, title, and interest in the contract. It is quite clear that this did not assign the right, title, and interest of the firm of Robinson & Co., and, if that firm was the owner of the contract at the time of the assignment, the plaintiff acquired no title. But there is evidence from which it might have been found that the firm was not the owner. Robinson testifies that Greer had ceased to be connected with the contract by transferring it over to him (Robinson). This evidence is not disputed, and it is sufficient to warrant a finding that Robinson became the sole owner of the contract, and therefore this assignment to the plaintiff was sufficient. The testimony is not very precise or very definite, but the fact was not disputed; and, in the absence of any further testimony on the subject, it is sufficient to warrant a conclusion that the plaintiff, by Robinson's assignment, became the sole owner of the contract, and entitled to maintain this action.

It is further complained by the defendants that the court erred in determining that the plaintiff was entitled to recover the sum of $2,004.28, or any other sum, upon this contract. It appears quite clearly from the evidence that, while Robinson became entitled to the first payment, he never became entitled to receive any other sum according to the terms of his contract. He himself says, in a general way, that all the work was performed to entitle him to the second payment, but a careful examination of the evidence shows that he was not correct in this statement, and that the work necessary to be performed before he was entitled to the second payment was largely done upon the procurement of the owners, after Robinson himself had abandoned the contract. But this, perhaps, is not very important, because the contract reserved to the owner the right to finish the work, and deduct the expense from the amount of the contract, in case the contractor should, upon three days' notice in writing being given, refuse or neglect to supply a sufficiency of materials or workmen. This notice was given on the 4th of November, 1896, whereupon Robinson at once abandoned further work upon the contract, and the completion of the work was undertaken by the owner, in pursuance of the terms of the contract.

The case was evidently tried and determined upon the theory that the owner then made an election to complete the work under the contract; and that being so, if the cost of the work proved to be less than the amount due to Robinson, after deducting all payments made for him and on his account, he would be entitled to recover the amount of the difference, and to enforce the lien for that amount. Ogden v. Alexander, 140 N. Y. 356, 35 N. E. 638. Upon that theory, the owner was entitled to have allowed to him whatever he had paid to Robinson, any sums that he paid for material in pursuance of Robinson's order, and whatever other sums it was necessary for him to pay to finish the work according to the contract. The court allowed him for all these items the sum of $4,880.72. In making this allowance, we think, the court

omitted several amounts which should have been credited to the owners. The amount allowed by the court for payments to Robinson direct was $1,150. It was proved and practically undisputed that, in addition to that sum, there was paid to him, in various small amounts, the sum of $141.25, which it was agreed should be charged to him upon his contract, and credited to the owners. This amounted to $1,291.25, with which Robinson should have been credited, instead of $1,150, with which he was credited. It was also shown by the testimony of Robinson himself, and was not disputed, that there was paid by the owner to one Schmol, upon Robinson's order, while he was still at work upon the building, $205 for materials furnished. This sum was not allowed by the court. It was also proven that, after Robinson ceased work, the owner paid, for work done and material furnished, $1,347.57. This work was done upon the employment of the owner, and the material was furnished upon its purchase, while it was actually engaged in doing the work upon the building which Robinson should have done under his contract. It appears, and is not disputed, that, after this work had been done and these materials furnished, the defendant made a contract with another person to do the remaining carpenter work necessary to be done to complete Robinson's contract, and agreed to pay, and did pay, for it, the sum of $1,825. The evidence shows that this was the fair value of the work, and that it was actually paid by the owner. It appears also that Robinson had given to one Daniel Coakley an order upon the owner of this building for $300. This amount was actually paid by the owner upon that order; but it appeared that the attorney of the owner bought the order of Coakley, and paid him $200 for it, and the court therefore allowed the owner upon that order $200, and not $300. This, we think, was a mistake. It is not disputed that the actual amount of $300 was paid upon the order by the owner, and the fact that Coakley was willing to sell it for less, and that he himself only received $200 for it, is a matter of no importance. We conclude, therefore, that the court should have allowed to the owner the sum of $1,291.25, being the amount actually paid to Robinson; $205 paid to Schmol; $902 for payments made by the owner, instead of $802, the amount actually allowed; $751.20 to Refrano; $289.52 to Rosenberg; $1,347.57 for money actually paid out by the owner in completion of the contract; and $1,825 paid under the subsequent contract for the completion of the carpenter work. These several payments amount to $6,601.52, with which, at least, the owner should have been credited upon the evidence as it appears, instead of the sum with which he was actually credited by the court. This credit would reduce the judgment to which the plaintiff was entitled to $268.48. It is quite apparent, therefore, that the judgment is erroneous, and that there should be a new trial. In reaching this sum of $268.48, no account has been taken of interest upon some of the items to which the owner is undoubtedly entitled, but which it is not necessary to consider here, because the correct amount may be determined upon the new trial which must be had.

The owner claimed to be entitled to a credit of $200 as for amount

paid for services of the architect in superintending the work from the time that Robinson abandoned the contract until the time that it was finally completed by the new contractor. This claim was disallowed by the court. It is unnecessary for us to consider whether the claim was properly disallowed or not. It will be a matter to be determined by the court upon the next trial upon the evidence which shall be presented at that time. It is sufficient for us to say that, for the reasons hereinbefore stated, this judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.