DAVID LAIKEN, Respondent, v. ROSE POLLACK et al., Doing Business under the Name of HENRY A. POLLACK & Co., et al., Appellants.— Order, on reargument, directing examination of defendant Henry A. Pollack, individually and as an officer of the corporate defendant, before trial and the production of books and papers thereat, pursuant to section 296 of the Civil Practice Act, affirmed, with $10 costs and disbursements, the examination to proceed on ten days' notice. No opinion. Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

KATHLEEN PHILLIPS, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— In an action by the beneficiary to recover under a policy of life insurance, the company's notice called for payment of a quarter-annual premium of $112.40 on August 25, 1940, and stated that the insurance would lapse if the payment were not made on that date or within a thirty-one days' grace period. Nothing was paid. The insured was killed on November 4, 1940. The plaintiff contends that the notice was ineffective, in that it called for a premium greater in amount than was due; that therefore the insured was not required to respond to the notice; that the legal effect was as if no notice had been sent; and that the insurance coverage was extended for an additional year by operation of statutory provisions (Insurance Law, prior § 92, L. 1918, ch. 130). It is contended that the amount of $112.40 was excessive because computed in accordance with the company's published rates, which were not set forth in the policy, contrary to prior section 58 of the Insurance Law (L. 1906, ch. 326), and that the proper construction of the policy shows that the quarterly premium amounts to not more than exactly one quarter of the amount of the annual premium which was set forth in the policy. The policy provides for payment of a single annual premium of $424.30, and contains a stipulation that upon the application of the assured and approval of the company, quarter-annual premiums may be made at the company's published rates. Such an application was made and a quarterly premium in the amount of $112.40 was accepted by the company. With respect to the next quarter-annual period, the company sent the notice referred to above. The judgment granted in favor of defendant, after trial by the court, without a jury, is unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ. [See *post*, p. 811.]

PROPERTY REPAIR CORP., Appellant, v. KINGSTON TRUST COMPANY, Individually and as Substituted Trustee under the Will of FREDERICK W. GROSS, Deceased, Respondent.— Judgment dismissing complaint on the merits at the close of plaintiff's case reversed on the law and a new trial granted, with costs to appellant to abide the event. It was improper to exclude testimony by the assignee of the conversation constituting the alleged oral assignment. (*Robinson* v. *Chinese Charitable Assn.*, 35 App. Div. 439; *Epstein* v. *U. S. Fidelity and Guaranty Co.*, 29 Misc. 295; *Barnett* v. *Prudential Insurance Co.*, 91 App. Div. 435; *Sheridan* v. *Mayor*, 68 N. Y. 30; *Risley* v. *Phenix Bank of City of New York*, 83 N. Y. 318; cf. *National Foundry Co. of New York* v. *Kaufman*, 190 App. Div. 956.) The case of *Worrall* v. *Parmelee* (1 N. Y. 519) does not hold to the contrary. There the testimony to which objection was taken was that of strangers to the transaction, who testified to statements made by the assignor at times subsequent to the assignment. Hagarty, Acting P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.