J. RICHARD HOFFMAN et al., Appellants, v JEROME EISENBERG et al., Respondents.

A review of the record shows that no triable issues of fact were raised pertaining to the agreement between the parties and that this action was properly dismissed pursuant to CPLR 3211 (a) (1). The plaintiffs have failed to establish that the defendants were either *general* partners or limited partners of a New York limited partnership.

A limited partnership is a creature of statute. In order to create a limited partnership, the members are required to file a certificate containing, *inter alia,* "[t]he name[s] and place[s] of residence of each member; general and limited partners being respectively designated" (Partnership Law § 91 [1] [a] [IV]). Partnership status in a limited partnership may not be established by implication *(see, M.I.F. Secs. Co. v Stamm & Co.,* 94 AD2d 211, *affd* 60 NY2d 936). The defendants were not listed in any capacity whatever in the certificate of limited partnership herein. Moreover, Partnership Law § 93 provides that "[t]he contributions of a limited partner may be cash or other property, but not services" and since the defendants concededly contributed only their legal services, they could not be found to be limited partners.

As to the claim that the defendants were general partners, it is well established that where the intention of the parties to a partnership agreement is expressed plainly in the language of the agreement, that intention is not open to speculation and parol evidence cannot be admitted to vary or change the unambiguous language of the agreement *(see,* 15 NY Jur 2d, Business Relationships, § 1308; *Rosen Trust v Rosen,* 53 AD2d 342, 352, *affd* 43 NY2d 693; *cf., Expocorp v Hyatt Mgt. Corp.,* 134 AD2d 234). The agreement in the instant case, dated May 17, 1979, expressly provided that control of the partnership rested with the three individual plaintiffs and that the defendants were to have no vote in partnership decisions. Accordingly, by the terms of the agreement itself, the defendants were not general partners. Brown, J. P., Kunzeman, Eiber and Spatt, JJ., concur.