■ EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent, v MARK ROCANOVA, Appellant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered November 8, 1989, denying defendant's motion to dismiss the complaint or for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff issued a $5,000 per month disability income policy to the defendant, effective November 19, 1985, in reliance upon his statements in his application that his annual income had been $110,000 in 1985 and $80,000 in 1984. The defendant also obtained an increased protection rider (IPR) giving him

the option to purchase a new policy providing $1,500 per month in additional disability income. In September of 1987, defendant applied for a new policy under the IPR option, representing that his annual income was $150,000 in 1987 and $100,000 in 1986. In reliance upon that representation, plaintiff issued another policy to defendant, effective November 19, 1987. Both policies contained an incontestability clause barring the plaintiff from contesting the policy for misstatements in the application after the policy had been in force for two years, extended by any period during which defendant was totally or partially disabled.

Defendant, by claim form dated January 10, 1988, claimed benefits under both policies, citing December 18, 1987 as the date of commencement of his total disability. In the course of investigating this claim, plaintiff obtained a statement from defendant's physician stating that defendant was disabled as of August 12, 1987, which would toll the running of the incontestability period as of that date. Plaintiff also discovered that defendant had filed for bankruptcy in 1986, and in connection therewith, had represented, under penalties of perjury, that his income in 1985 was $18,660 and that in 1984 he had a negative income of $29,961.

Plaintiff brought suit to rescind the two policies for material misrepresentation. Defendant moved to dismiss the complaint for failure to state a cause of action or as barred by the incontestability clause and, in the alternative, for summary judgment. Plaintiff set forth the facts uncovered in its investigation and asserted that if it had known of defendant's true income in 1984 and 1985, as stated on his bankruptcy filing, and the misrepresentations on the application for the 1985 policy, the policies would not have been issued.

With regard to the motion to dismiss pursuant to CPLR 3211, the allegations in the complaint, which we must deem to be true (*219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 509), sufficiently stated a cause of action for rescission based on material misrepresentations (Insurance Law § 3105 [b]; *Wageman v Metropolitan Life Ins. Co.*, 24 AD2d 67, *affd* 18 NY2d 777; *Process Plants Corp. v Beneficial Natl. Life Ins. Co.*, 53 AD2d 214, *affd* 42 NY2d 928). To the extent that defendant sought summary judgment, the IAS court correctly denied the motion because it was made prior to joinder of issue (CPLR 3212 [a]). In any event, the papers submitted by the plaintiff were sufficient to raise issues of fact as to whether the defendant misrepresented his income, whether such misrepresentations were material, and when the defendant became

disabled. Concur—Kupferman, J. P., Sullivan, Asch, Wallach and Smith, JJ.