■ ARNO MANAGEMENT CORP., Respondent, v 115 EAST 69TH ASSOCIATES et al., Defendants, and JEROME REINERT, Appellant.—Order of the Supreme Court, New York County (Carol Arber, J.), entered September 19, 1990, which granted plaintiff's motion for summary judgment against defendants and denied defendant Reinert's cross-motion for summary judgment dismissing the cause of action asserted against him for a deficiency judgment, unanimously affirmed, without costs.

Plaintiff instituted this action to foreclose a second and third mortgage in the consolidated sum of $450,000 covering two condominium apartment units. A title search disclosed that defendant Reinert was a general partner of defendant limited partnership. However, prior to the issuance of the mortgage loan, an agreement was executed conveying Rei-

nert's general partnership interest to defendant Stuart Z. Hirschman and one John T. Miller. Whether plaintiff received a copy of this agreement or otherwise received actual notice that Reinert had resigned as a general partner before extending credit is a matter of dispute. Nevertheless, it is uncontroverted that the certificate of limited partnership was not amended to reflect any change in the composition of the partnership.

This appeal by defendant Reinert from the denial of his cross-motion raises the question of whether he may offer proof of plaintiff's actual knowledge of his status with respect to the partnership or whether he is precluded from raising the issue by the information contained in the certificate of limited partnership. Defendant argues that, pursuant to sections 27 and 95 of the Partnership Law, plaintiff is required to demonstrate its reliance upon his status as general partner in granting the mortgage in order to recover a deficiency judgment against him. Plaintiff contends that, pursuant to sections 91, 113 and 114 of the Partnership Law, the certificate is conclusive evidence of Reinert's status and, therefore, it is unnecessary to address the issue of reliance.

A limited partnership is strictly a creature of statute (*Lanier v Bowdoin,* 282 NY 32, 38, *rearg denied* 282 NY 611). Amendment of the certificate of limited partnership is mandatory upon the resignation of a general partner. Section 113 of the Partnership Law provides: "(2) A certificate shall be amended when * * * (e) A general partner retires, dies or becomes mentally ill, and the business is continued under section one hundred and nine". Section 109 states that retirement of a general partner dissolves the partnership unless its continuation is provided for in the certificate or upon the consent of all its members. Although the record before us is insufficient to determine the statutory basis, it is clear that the partnership continued to do business by entering into the mortgage agreement with plaintiff. Therefore, an amendment was required to be filed in accordance with section 114 of the statute (2 Rowley, Partnership § 53.20, at 585 [2d ed]).

We are not persuaded by defendant Reinert's argument that plaintiff must establish reliance in order to recover a deficiency judgment against him. The object of a limited partnership " 'is to protect the special partner, and exempt him from a general liability and to place his capital alone at the peril of the business' " (*Lanier v Bowdoin, supra,* at 38, quoting *Casola v Kugelman,* 33 App Div 428, 433, *affd sub nom. Casola v Vasquez,* 164 NY 608). The liability of a general partner to

creditors of the partnership is independent of any falsehood contained in the certificate (2 Rowley, Partnership § 53.6, at 566 [2d ed]).

The limited partnership must comply with statutory filing requirements (*M.I.F. Sec. Co. v Stamm & Co.,* 94 AD2d 211, 213-214, *affd in part* 60 NY2d 936). The certificate constitutes public notice of the existence of a limited partnership and the nature of each partner's participation as a general or limited partner (Partnership Law § 91 [1]; *Hoffman v Eisenberg,* 140 AD2d 306, *lv denied* 72 NY2d 806) which is binding upon the partners. Where, as here, the liability of a limited partnership to a third party is in issue and the certificate of limited partnership materially contradicts an agreement by and among the partners, the partnership and its members are estopped to dispute the information contained in the certificate (*see, Estate of Applebaum v Commissioner of Internal Revenue,* 724 F2d 375). Concur—Rosenberger, J. P., Kupferman, Kassal and Rubin, JJ.