■ BRUNO GOLDBERGER et al., as Limited Partners of WLS ASSOCIATES, on Behalf of Themselves and in the Right of WLS ASSOCIATES, Plaintiffs, v WILLIAM L. SONN et al., Appellants. KENNETH R. SILVERMAN, on Behalf of Himself and WLS ASSOCIATES, Also Known as WLS VILLAGE ASSOCIATES, Intervenor-Respondent.

The instant action was commenced by limited partners of defendant WLS Associates on behalf of the limited partnership and the other limited partners. The complaint contains causes of action sounding in improper accounting of funds, mismanagement and misuse of partnership assets. The IAS court ultimately permitted Silverman to intervene as noted above, rejecting defendants' contention that Silverman was not a limited partner and thus had no standing to assert any derivative claims on behalf of WLS.

The record reveals that at the time Silverman brought suit against WLS and sought access to the partnership books, he had been considered a limited partner and in fact, on or about July 1, 1985, had acquired a 3% partnership interest in WLS. While all of the statutory requirements for becoming a limited partner pursuant to New York's Partnership Law may not have been met *(see,* Partnership Law § 114), Silverman did satisfactorily fulfill the requirements mandated by the Part-

nership Agreement effectively becoming a limited partner *(see, Lanier v Bowdoin,* 282 NY 32, *rearg denied* 283 NY 611). To the extent that Article 14 of the Partership Agreement conflicts with Article 2 of said agreement, Article 14 controls as it is the more specific of the two *(see, Waldman v New Phone Dimensions,* 109 AD2d 702, 704, *appeal dismissed* 65 NY2d 784).

The duty to amend the partnership certificate was the responsibility of the partnership and as such does not negate Silverman's limited partnership status. Indeed, the amendment of the certificate is mainly for the benefit or protection of the limited partner in regards to third parties. The amendment (or the lack thereof) does not affect the limited partnership status as far as the instant parties are concerned *(cf., Arno Mgt. Corp. v 115 E. 69th Assocs.,* 173 AD2d 258).

We have considered appellants' arguments and find them to be without merit. Concur—Sullivan, J. P., Kupferman, Ross and Kassal, JJ.