■ In the Matter of HOECHST CELANESE CORPORATION et al., Respondents. INSURANCE SERVICES OFFICE, INC., Appellant.—Orders, Supreme Court, New York County (Beverly S. Cohen, J.), entered October 10 and November 19, 1991, which granted respondents' motion to compel appellant's compliance with their subpoena to the extent of directing appellant to produce a "developmental history" of its forms used in policies held by respondents, upon condition that respondents first produce copies of the policies in issue, and all documents created by appellant or in its possession relating to the drafting, development, explanation, application and marketing of any of its form insurance policies containing the basic, standard-form CGL policy language in issue in the pending Delaware action, upon condition that respondents first produce the representative policies in issue in the Delaware action, and to designate an attorney from its outside counsel, Mayer, Brown & Platt, to testify regarding that law firm's knowledge as appellant's custodian of documents since in or about 1983, unanimously affirmed, without costs.

The IAS court did not abuse its wide discretion in supervising disclosure *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406) by directing appellant, the principal rating, statistical and drafting organization for the general liability insurance industry in the United States, whose primary function is to draft standard-form comprehensive general liability ("CGL") insurance policy language for the industry, to comply, in part, with respondents' subpoena seeking appellant's drafting and policy interpretative documents, such documents being material and necessary to issues of insurance policy construction raised in a pending Delaware action commenced by respondents against 42 insurance companies to enforce the standard-form CGL insurance policies sold to respondents by the defendants therein from January 1, 1978 through May 1, 1989.

We reject appellant's contention that compliance is unduly burdensome in light of respondents' standing offer to pay the reasonable cost of assembling the information sought, and also the circumstance that appellant, as the primary, if not the sole source of such information, has been called upon to respond to similar inquiries in the past. We also find that under Federal and New York law, the IAS court did not abuse its discretion in compelling a deposition of appellant's outside counsel, where the custodial witness that appellant had previously produced pursuant to the subpoena lacked knowledge of the custody, collection and retention of the documents in issue and where appellant concedes that only its outside counsel has the information respondents seek concerning the drafting history and interpretive materials relating to such documents *(Marker v Union Fid. Life Ins. Co.,* 125 FRD 121, 126; *Silk v City of New York,* 142 AD2d 724). We have reviewed appellant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rosenberger, Wallach and Ross, JJ.