■ EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant-Respondent, v MARK ROCANOVA, Respondent-Appellant.—Order of the Supreme Court, New York County (Irma Vidal Santaella, J.), entered on or about December 20, 1991, which, *inter alia,* granted defendant's motion for a protective order with respect to some but not all of plaintiff's discovery requests and which denied plaintiff's cross-motion to compel defendant to execute authorizations to obtain defendant's individual and business tax returns, unanimously

modified, on the law and the facts and in the exercise of discretion, to the extent of directing defendant to respond to items 1 (N) and 4 of plaintiff's July 22, 1991 notice of discovery, denying his motion for a protective order with respect to these items, and directing defendant, within ten days after the date of this order, to turn over to plaintiff copies of his 1984 through 1989 tax returns and those of any business in which he was an owner or partner, or to execute and deliver to plaintiff's attorney an appropriate instrument authorizing the Internal Revenue Service to send certified copies of said returns to plaintiff's counsel at plaintiff's expense and, except as so modified, affirmed, without costs.

Order of the same court and Justice, also entered on or about December 20, 1991, which denied defendant's motion for a protective order as to item 1 of plaintiff's December 31, 1990 discovery demand, unanimously affirmed, without costs.

Order of the same court and Justice, entered on or about March 17, 1992, which granted defendant's motion for partial summary judgment with respect to his third cause of action in a consolidated action and ordered reformation of the increased protection rider of the disability policy at issue, but denied the motion with respect to the other causes of action, unanimously modified, on the law, to the extent of denying defendant's motion with respect to the third cause of action and, upon searching the record, dismissing the third cause of action for failure to state a cause of action and, except as so modified, affirmed, without costs.

In 1989, Equitable brought suit to rescind two disability income insurance policies issued to defendant based on defendant's material misrepresentations as to income in his applications for those policies. In 1991, defendant commenced a separate action against Equitable which, *inter alia,* sought reformation of an increased protection rider ("IPR") attached to one of the disability policies. These two actions have been consolidated.

The essential facts of this case are set forth in a memorandum decision disposing of a previous appeal in this matter (162 AD2d 265). Plaintiff issued a disability income policy to defendant, effective November 19, 1985, in reliance upon allegations in his application that his annual income was $110,000 in 1985 and $80,000 in 1984. The policy contains an IPR giving defendant the option to purchase a new policy providing additional disability income protection. In September 1987, defendant applied for a new policy under the IPR option, representing his annual income as being $150,000 in

1987 and $100,000 in 1986. Relying on this representation, plaintiff issued a second policy to defendant, effective November 19, 1987. Both policies contain an incontestability clause that bars plaintiff from contesting the policy for misstatements in the application after the policy has been in effect for two years, extended by any period during which defendant is under a total or partial disability.

Defendant, a consultant to an investment banking division of Chase Manhattan Bank, by a claim dated January 10, 1988, applied for benefits under both policies for "dry eye" syndrome, citing December 18, 1987 as the date of commencement of his total disability. In its investigation of the claim, plaintiff obtained a statement from defendant's physician stating that defendant was disabled as of August 12, 1987, hence tolling the running of the incontestability period as of that date. Plaintiff also discovered that defendant filed a petition for bankruptcy in 1986 representing, under penalty of perjury, that in 1985 he had an income of $18,660 and in 1984 he had a negative income of $29,961. The bankruptcy file indicates that defendant was self-employed during the periods in question, doing business as Electra Personnel Services, Electra Services, Electra Word Processing Training Center, APL Programming Associates, APL Specialists, and Quad IO, Inc.

Equitable paid benefits under the 1985 policy from January 1988 until recently, without prejudice to its rights, while investigating alleged misrepresentations by defendant as to the onset of his claimed disability and the extent of that disability. As a result of defendant's failure to substantiate his income, his apparent material misrepresentations and his failure to submit to independent medical examination, plaintiff brought an action for rescission of both disability policies. On the previous appeal, this Court affirmed the denial of defendant's motion to dismiss the insurer's complaint for failure to state a cause of action or, in the alternative, for summary judgment (162 AD2d 265, *supra*).

On April 18, 1991, defendant commenced a separate action against Equitable seeking reformation of the policies in various respects and a declaration that Equitable is liable for disability benefits accrued under the 1987 policy. The court consolidated the two actions and denied reformation except as to a cause of action challenging a provision limiting additional coverage under the IPR.

Defendant asserts that the reference to underwriting limits

in effect on the IPR option date violates Insurance Law § 3204 (a) (1) by incorporating underwriting standards not contained in the policy. Defendant's assertion is without merit. The courts of this State have held that the "entire contract" statute is not violated where certain information is not set forth in the policy *(see, Phillips v Metropolitan Life Ins. Co.,* 273 App Div 783). The statute intends "that the policy should contain the entire contract and that nothing could be incorporated therein by reference" *(Abbott v Prudential Ins. Co.,* 281 NY 375, 382). It is also calculated to afford the insured the opportunity to examine a copy of his application to ascertain that his answers have been recorded properly *(Gozan v Mutual Life Ins. Co.,* 40 NY2d 707; *see also, Archer v Equitable Life Assur. Socy.,* 218 NY 18). The option in question, however, provides for *additional* insurance and the issuance of a new policy to provide the additional coverage. The underwriting limits referred to in the option rider (IPR) are not part of the existing policy but merely refer to a standard for determining eligibility for separate, additional coverage. Therefore, the underwriting standards have no effect on the insurance presently in force and do not come within the purview of the statute.

Finally, we note that defendant has failed to meet his substantial burden to demonstrate that any provisions of the policies, including the incontestability clause of the 1985 policy and the pre-existing condition exclusion of the 1987 policy, should be stricken because of mutual mistake or fraudulent misrepresentation *(Gaylords Natl. Corp. v Arlen Realty & Dev. Co.,* 112 AD2d 93; *Backer Mgt. Corp. v Acme Quilting Co.,* 55 AD2d 535, *affd* 46 NY2d 211). The meaning of these provisions is unambiguous and the Court will not interpret the agreement so as to controvert the plain meaning of its terms *(Simons v Blue Cross & Blue Shield,* 144 AD2d 28, *lv denied* 74 NY2d 603).

Defendant claims to have engaged in various businesses from which he was entitled to receive 50% of net earnings. In addition to documentation specific to defendant's personal income, the income and regular business expenses of these enterprises are directly relevant to establishing the extent to which defendant misrepresented his individual income on the insurance applications. CPLR 3101 requires disclosure of all information relevant to the litigation *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403). Discovery of defendant's true individual and business income is crucial to this case, and Supreme Court erred in granting defendant a protective order with

respect to this information. Concur—Murphy, P. J., Rosenberger, Kassal and Rubin, JJ.