■ MARK ROCANOVA, Respondent-Appellant, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant-Respondent. [598 NYS2d 215] —Order, Supreme Court, New York County (Walter M. Schackman, J.), entered October 16, 1992 which granted defendant's motion to dismiss the first, fifth and sixth causes of action of plaintiff's complaint for failure to state a cause of action and otherwise denied the motion, unanimously affirmed, without costs.

Defendant's appeal from the judgment of said court and

Justice entered December 2, 1992, dismissing the first, fifth and sixth causes of action, unanimously dismissed, as defendant is not a party aggrieved thereby, without costs.

We agree with the IAS Court and iterate that the law in this Department allows for the recovery of punitive damages as a private cause of action under Insurance Law § 2601 *(see, Belco Petroleum Corp. v AIG Oil Rig,* 164 AD2d 583). Here, plaintiff has alleged sufficient facts which tend to demonstrate a pattern of business practices constituting unfair settlement of claims within the purview of section 2601, and therefore these causes may be maintained. However, the IAS Court properly dismissed the causes of action for fraud, breach of fiduciary duty and intentional infliction of economic duress without justification, for failure to state a cause of action. A breach of contract claim as advanced by plaintiff may not be converted to one for fraud merely by alleging that the contracting party never intended to meet its contractual obligation *(see, Comtomark, Inc. v Satellite Communications Network,* 116 AD2d 499, 500). Moreover, the other instances cited by plaintiff in support of his section 2601 claims may not be relied upon to establish fraud with respect to the individual claim asserted by plaintiff. Finally, since there is no fiduciary relationship between the parties, a constructive trust as requested in the fifth cause of action would not lie, nor would a cause of action for intentional infliction of economic duress without justification be maintainable since such a cause requires that the defendant act solely for the purposes of injuring the plaintiff *(see, Squire Records v Vanguard Recording Socy.,* 25 AD2d 190, 191, *affd* 19 NY2d 797). Here, defendant was motivated by profit or self interest and thus a cause for intentional infliction of economic duress without justification may not be pursued. Concur—Sullivan, J. P., Carro, Ellerin and Wallach, JJ.