■ Andrew L. Winter, Appellant, v Beale, Lynch & Co. et al., Respondents. [603 NYS2d 846] —Judgment, Supreme Court, New York County (Joan Lobis, J.), entered March 17, 1993, dismissing the action and bringing up for review an order which granted defendants' motion to dismiss the amended complaint for failure to state a cause of action and denied plaintiff's cross motion to amend the amended complaint, affirmed, with costs.

The causes of action for breach of contract presuppose the existence of a limited partnership and were properly dismissed on the ground that a limited partnership cannot be created orally *(see, Arno Mgt. Corp. v 115 E. 69th Assocs.,* 173 AD2d 258, 259). The cause of action for an accounting was properly dismissed on the ground that as a matter of law plaintiff cannot show the existence of a partnership, joint

venture, or other fiduciary relationship *(Blaustein v Lazar Borck & Mensch,* 161 AD2d 507, 508). The causes of action for fraud and negligent misrepresentation were properly dismissed as redundant of the breach of contract claim *(see, Rocanova v Equitable Life Assur. Socy.,* 193 AD2d 569, 570).

Plaintiff does not state a valid cause of action for negligence, there being no showing of a legal duty independent of the contract *(see, Megaris Furs v Gimbel Bros.,* 172 AD2d 209, 211), or for unjust enrichment *(see, Mente v Wenzel,* 178 AD2d 705, 706). Concur—Murphy, P. J., Ross and Asch, JJ.

Carro, J., dissents in part in a memorandum as follows: While limited partnerships are creatures of statute, the purpose of recording the limited partnership "is to acquaint *third persons* dealing with the partnership with its status. Hence, when neither the rights of third parties nor a partner's claim of limited liability is involved, failure to record the certificate cannot affect the existence of a limited partnership insofar as the partners, *inter se,* are concerned" *(Peerless Mills v American Tel. & Tel. Co.,* 527 F2d 445, 449, n 1). Similarly, failure to amend a limited partnership certificate does not affect the limited partnership status of the partners *inter se (Goldberger v Sonn,* 179 AD2d 573), provided there exist sufficient indicia of partnership *(see, Arno Mgt. Corp. v 115 E. 69th Assocs.,* 173 AD2d 258). Here, there are indicia of partnership sufficient to put the existence of the alleged partnership in issue, involving such questions as whether the parties orally agreed to the partnership and whether plaintiff was held out to others as a partner *(see, Kyle v Ford,* 184 AD2d 1036), and also whether defendants' failure to accept plaintiff's tender of the capital contribution and to execute a partnership agreement was a waiver *(Ellenberg Morgan Corp. v Hard Rock Cafe Assocs.,* 116 AD2d 266, 271). Thus, I believe the court erred in dismissing the first and second causes of action for breach of contract.

The first two causes of action claiming the existence of a limited partnership being sufficient, the court should have allowed plaintiff to amend the amended complaint to substitute, in place of the sixth cause of action for an accounting pursuant to Partnership Law § 74 based on the allegation that plaintiff was a de facto general partner, a cause of action pursuant to Partnership Law § 99 based upon his alleged limited partnership interest. The fifth cause of action, under which plaintiff alleges that defendants breached their fiduciary duty to amend the partnership certificate to include his name, thus negligently depriving him of his partnership interest, states a cause of action for negligence even though "con-

nected with and dependent upon" the contract claim *(compare, Megaris Furs v Gimbel Bros.,* 172 AD2d 209, 211). The seventh cause of action, under which plaintiff alleges that defendants obtained plaintiff's services at a lower cost than they had bargained for and that he therefore should recover the quantum meruit value thereof, states a cause of action for unjust enrichment *(see, Mente v Wenzel,* 178 AD2d 705, 706).

I agree with the majority that the third and fourth causes of action for fraud and negligent misrepresentation were properly dismissed since they related only to the breach of contract claim *(see, Rocanova v Equitable Life Assur. Socy.,* 193 AD2d 569, 570).