■ EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent, v MARK ROCANOVA, Appellant. [615 NYS2d 880] —Order of the Supreme Court, New York County (Herman Cahn, J.), entered September 8, 1993, which denied defendant's motion for a protective order enjoining the deposition of his former attorney concerning a communication between counsel and defendant's physician, unanimously reversed, on the law, and the motion granted, without costs.

At issue in the underlying action is whether defendant's asserted disability commenced during the contestibility period

of the policy or thereafter. Defendant's physician submitted a statement to plaintiff insurer indicating onset of his disability as of August 12, 1987, preceding the effective date of coverage. Plaintiff declined coverage on May 12, 1988. Defendant then retained counsel, who drafted an affidavit for the physician in which the onset of disability is stated to be December 18, 1988, the date defendant actually ceased work. This date is subsequent to the expiration of the contestibility period.

Plaintiff commenced litigation in 1989, seeking to rescind coverage under two insurance policies it issued to defendant. Defendant instituted a separate action for reformation of one of the policies in 1991, and the two actions were consolidated (see, Equitable Life Assur. Socy. v Rocanova, 189 AD2d 660, 661-662, lv dismissed 81 NY2d 1007). The attorney's representation of defendant ended well before plaintiff commenced his action.

At a deposition conducted some four years after she submitted her affidavit, the physician claimed that she did not recall the statement prepared by the attorney, did not know the attorney, and did not remember receiving any communications from him. While conceding the signature on the affidavit appears to be hers, she denied having signed the statement. Plaintiff thereafter noticed a deposition of the attorney to inquire into his communications with the physician preceding the preparation of her affidavit. The motion for a protective order ensued.

On appeal, plaintiff contends that Supreme Court properly declined to issue a protective order. Plaintiff argues that the affidavit is not material "prepared in anticipation of litigation" (CPLR 3101 [d] [2]) and that any privilege that might have attached to communications between defendant's former attorney and defendant's physician was waived when the doctor's affidavit was submitted to plaintiff in connection with defendant's claim for insurance benefits. Therefore, plaintiff contends, it is entitled to depose the attorney as to the nature and content of those communications.

We reject the suggestion that an attorney who prepares an affidavit for signature by a witness must therefore submit to examination into the circumstances surrounding its completion. There is no intimation that defendant's former attorney was rendering anything but legal services when he prepared the subject affidavit (see, Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 379, citing People v Belge, 59 AD2d 307, 308-309; compare, 305-7 W. 128th St. Corp. v Gold, 178 AD2d 251 [attorney who functioned as negotiator of commercial

lease may be examined]), and the attorney expressly invoked the privilege of CPLR 3101 (d) in an affidavit submitted on the motion under review *(Coastal Oil N. Y. v Peck,* 184 AD2d 241). The practice of attorneys deposing their adversaries hardly seems calculated to "assist preparation for trial by sharpening the issues and reducing delay and prolixity" *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406). Absent a "showing of necessity" in unusual circumstances, the communications between a witness and an attorney are immune from disclosure *(Hickman v Taylor,* 329 US 495, 512; *People v Marin,* 86 AD2d 40, 48).

In this case, plaintiff has not demonstrated any necessity, such as undue hardship (CPLR 3101 [d] [2]), for resort to the unusual procedure of subjecting counsel to examination before trial (CPLR 3101 [a] [4]). The disputed document is in the possession of plaintiff, the affiant has been deposed regarding her recollection (or lack thereof) concerning the circumstances of its completion, and she may be examined at trial as to the averments contained therein (CPLR 4518 [a]). While arguing that, due to the witness's lapse of memory, counsel's deposition is "essential", plaintiff fails to state why the circumstances surrounding the completion of the affidavit are "material and necessary"—*viz.,* "relevant" (CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co., supra,* at 407; Siegel, NY Prac § 344, at 491 [2d ed])—to this litigation. Even if this Court were to assume that the document is somehow fraudulent, consideration of this issue would only divert the focus of trial from the onset, duration and extent of defendant's disability to a collateral issue *(Stephen-Leedom Carpet Co. v Arkwright-Boston Mfrs. Mut. Ins. Co.,* 101 AD2d 574, 577 [examination of attorneys who deposed "witness", conceded to be an imposter, denied]).

The cases cited by plaintiff in support of its position are inapposite. In two of the cases, the court was merely supervising discovery conducted pursuant to a commission issued by a foreign jurisdiction *(Victory Mkts. v Purer,* 51 AD2d 895 [California]; *Matter of Hoechst Celanese Corp. [Insurance Servs. Off.],* 184 AD2d 223 [Delaware]), an area in which the function of the courts of this State is very limited *(Matter of Jarvis v Jarvis,* 141 Misc 2d 404, 407-408 [Rubin, J.]). In another, the party opposing deposition of the attorney who represented it in the negotiation and settlement of the underlying tort claim "affirmatively placed in issue its attorney's knowledge of facts or communications which might tend to prove bad faith on the part of the defendants" *(American Reliance Ins. Co. v*

*National Gen. Ins. Co.,* 149 AD2d 554). In another, there was an admission that a motor furnished by plaintiff's attorneys and inspected by defendant's expert was not one that was involved in a fire at the insured premises, an issue of fraudulent concealment that clearly goes to the heart of the claim *(Ocean-Clear, Inc. v Continental Cas. Co.,* 94 AD2d 717).

It is of no moment that the affidavit in question may have been prepared well in advance of defendant's commencement of his action. Defendant's application for insurance benefits had already been denied at the time the affidavit was submitted. It is eminently reasonable to infer that counsel grasped the significance of the onset date of disability in relation to both the contestibility period of the pertinent policy and the date defendant ceased work. Given the disparity, the need for clarification was obvious if defendant were to entertain any hope of receiving benefits under the policy. Obvious, too, was the prospect that litigation might arise out of plaintiff's rejection of the claim. Given the litigation that has actually resulted from this dispute *(Rocanova v Equitable Life Assur. Socy.,* 193 AD2d 569, *revd in part* 83 NY2d 603; 189 AD2d 660, *supra; Equitable Life Assur. Socy. v Rocanova,* 162 AD2d 265), this Court has no hesitation in concluding that the document should properly be considered material prepared in anticipation of litigation (CPLR 3101 [d] [2]). In the absence of demonstrated necessity, plaintiff may not examine defendant's former attorney as to the circumstances of its preparation. Concur—Murphy, P. J., Wallach, Ross, Rubin and Williams, JJ.