■ KENNETH R. SILVERMAN, as Limited Partner of WLS ASSOCIATES, on Behalf of Himself and All Others Similarly Situated, and in the Right of WLS ASSOCIATES, Appellant, v WILLIAM L. SONN et al., Respondents. [622 NYS2d 711] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered April 28, 1993, which, as limited by the briefs, granted defendants' cross-motion to dismiss the first cause of action in the supplemental amended complaint on the ground

of "law and the case", unanimously modified, on the law, to deny the cross-motion to dismiss the first cause of action in the supplemental amended complaint and, except as thus modified, affirmed, with costs and disbursements. Appeal from the order of the same court (Alice Schlesinger, J.), entered April 18, 1994, which, upon reargument and renewal, adhered to its earlier determination, affirmed.

The partners of WLS Associates, a limited partnership, were, for certain purposes, divided into two groups, the Sonn group and Korein group, each cumulatively owning a 50% interest of WLS. As a result of a transfer from members of the Sonn group, intervenor-plaintiff Silverman became a limited partner, owning a 3% interest. A dispute arose between the two groups when, in 1986, WLS made a distribution of $8 million to its partners. Two representatives of the Korein group brought this action against WLS and the Sonn group partners, but not Silverman, alleging an excessive allocation and distribution to the Sonn group as well as various acts of partnership misconduct by the Sonn group general partner, W. Sonn. The Sonn group brought an action in Federal court, alleging that the Korein group improperly received $1 million of the $8 million of partnership funds distributed. That action was dismissed for lack of subject matter jurisdiction. Ultimately, the two groups agreed to settle their differences in a redemption agreement, which, in Silverman's view, improperly discriminated against him. He then sought and was granted leave to intervene in this action as to both the Korein group wrongful distribution and Sonn misconduct claims on the grounds that they were derivative and, since the Korein group was withdrawing from the action as required by the redemption agreement, there was no one to pursue them and that he was prejudiced by the redemption agreement's settlement of those claims. The IAS Court refused to approve the redemption agreement as a settlement of the derivative claims and permitted the Korein representatives to withdraw their wrongful distribution claim. After reargument, the IAS Court, in an April 10, 1991 decision, reversed itself with respect to Silverman's intervention as to the latter claim, finding that, as a member of the Sonn group who had "admittedly received his pro rata share of the allegedly excess allocation", he "ha[d] no right to continue that non-derivative cause of action on his own behalf." In point of fact, Silverman denied receiving his share and also claimed that he had not been credited with his

full capital account, which should have been paid to him under the partnership agreement. Silverman did not appeal from the IAS Court's determination that the Korein group's wrongful distribution claim was not derivative. On Sonn's appeal from another aspect of that order, Silverman's partnership status was upheld (179 AD2d 573).

As a result of a stipulation between the Sonn group defendants and WLS, Silverman was permitted to serve a supplemental amended complaint asserting, in the first cause of action, a personal claim for an accounting as to the distribution of plaintiff's portion of the entire $8 million. He also sought the partnership's dissolution on the ground of misconduct by the other partners in the execution of the redemption agreement and asserted the same derivative claims as were contained in the original complaint. The Korein group, named as a defendant in the first cause of action in light of the Sonn group's allegation that they were recipients of $1 million of the monies improperly distributed by the partnership, moved to dismiss Silverman's wrongful distribution claim, characterizing it as the same Korein group wrongful distribution claim that had been previously dismissed. Silverman argued that his wrongful distribution claim differed because he was seeking an accounting as to whether he received his proper share of the wrongfully distributed monies while the Korein group's wrongful distribution claim sought recovery for the Korein group, not Silverman. It was that essential difference that, according to the IAS Court, had initially prevented Silverman from intervening in the Korein group's wrongful distribution claim. The IAS Court, *inter alia,* held that pursuant to the law of the case doctrine its original April 10, 1991 decision barred Silverman from asserting his wrongful distribution claim and dismissed the same. On reargument, the court adhered to its determination. Since the law of the case doctrine does not bar Silverman from asserting his own wrongful distribution claim, we reinstate the dismissed first cause of action.

As is clear from a review of the history of this case, Silverman's claim to an accounting as to the distribution to him is not the same claim as previously alleged by the Korein group, which sought an accounting as to the distribution of partnership assets. Indeed, in denying Silverman intervention in its April 10, 1991 order, the IAS Court relied on that essential distinction. That determination in no way passed on the merits of Silverman's wrongful distribution claim. In its April 10, 1991 order the IAS Court clearly indicated that

Silverman's personal claim could not be asserted as part of that lawsuit. Nor was Silverman, as defendants argue, obligated to appeal from the April 10, 1991 order since he accepted the court's determination that the Korein group's first cause of action was personal to that group and non-derivative. The court's finding in the April 10, 1991 determination that Silverman had received his pro rata share of the distribution was clearly dictum. Courts favor the resolution of claims on the merits, not on the basis of dictum. *(Bobrow v Bobrow,* 181 AD2d 556, 557.) Silverman should be permitted to assert both his personal claim as well as the remaining derivative claims originally asserted in the Korein group complaint. Concur— Murphy, P. J., Sullivan, Rosenberger and Asch, JJ.