Bryan S. ROSS, Trustee, Appellant,

v.

1301 CONNECTICUT AVENUE
ASSOCIATES, et al.,
Appellees.

No. 96–7029.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 8, 1996.

As Amended Nov. 8, 1996.

Robert M. Adler was on the brief for appellant.

Richard E. Miller was on the brief for appellees. Paul L. Knight, Chevy Chase, MD, entered an appearance.

Before: WALD, HENDERSON and ROGERS, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

The Trustee appeals the judgment of the district court affirming the decision of the Bankruptcy Court, *Sollins v. 1301 Connecticut Ave.,* Adversary Proceeding No. 89–66 (Bankr.D.C. March 8, 1995), holding that Adam Kauffman is not personally liable as a general partner of two limited partnerships, known as 1301 Connecticut Avenue Associates and 1606 New Hampshire Avenue Associates, for monies owed by the partnerships to their former managing partners, James Sollins and Dianna Brochendorff. We affirm.

## I.

The parties to a real estate syndication realized at the time of closing that one of them, Dover Administrative Services, Inc. ("Dover"), was not qualified to do business in the District of Columbia. By mutual agreement, the parties designated Adam Kauffman, a senior Dover executive, to serve as a general partner for an interim period until Dover qualified to conduct business in the District of Columbia. After several months, Dover secured the necessary qualifications.

Due to oversight, however, Kauffman's name was not removed from the partnership certificates and replaced with Dover's until two years later. In the interim, a series of disputes between the partners resulted in litigation and a subsequent Settlement Agreement, which imposed financial liabilities on the project's general partners. The Settlement Agreement, which was signed by Sollins, Brochendorff, and Dover, stated that the managing partners would resign, and named Dover, and not Kauffman, as the remaining general partner in the project.

When the two managing partners sued to collect from Kauffman as a general partner, the bankruptcy court held that although his name remained on the certificates at the time the Settlement Agreement was concluded, Kauffman was not liable as a general partner. The court's holding was premised on its legal conclusion that liabilities between partners are governed by the intent of the parties, and its finding that the parties intended Kauffman to be replaced by Dover as soon as Dover qualified to do business in the District of Columbia. The district court affirmed the bankruptcy court's legal and factual determinations.

## II.

On appeal, the Trustee contends that because Kauffman was on record as a general partner at the time the Settlement Agreement was executed, he is liable for the amounts owed by the limited partnerships to Sollins and Brochendorff. He maintains that the record shows that the parties intended that Kauffman would remain as a general partner until Dover qualified to do business in the District of Columbia and until amended certificates were filed to substitute Dover for Kauffman. The trustee also argues that because, at the time the Settlement Agreement was executed, counsel for Dover sent a letter to the managing partners' counsel noting that Kauffman remained a general partner, Dover and Kauffman are estopped to deny Kauffman's status. The trustee also contends that the district court erred in ruling that the Settlement Agreement was ambiguous and in proceeding to consider extrin-

sic evidence to determine the intent of the parties.

■ There can be no serious dispute regarding the intent of the parties at the time the partnerships were formed to have Kauffman hold Dover's place only until it qualified to do business in the District of Columbia. The trustee offers no evidence to support his assertion that the parties did not intend for Dover to replace Kauffman as a general partner until the amended certificate was filed. Because the intent of the parties governs liabilities between partners, *Beckman v. Farmer*, 579 A.2d 618, 627 (D.C.App. 1990), and the overwhelming evidence before the district court and the bankruptcy court showed that the intent of the parties was for Kauffman to serve as a general partner only until Dover qualified to do business in the District of Columbia, we affirm the judgment of the district court. *McGuirl v. White*, 86 F.3d 1232, 1233 (D.C.Cir.1996).

■ Although the fact that Kauffman's name remained on the certificates of partnership could be significant in regard to his liability to third parties, *Goldberger v. Sonn*, 179 A.D.2d 573, 574, 579 N.Y.S.2d 52 (N.Y.A.D.1992), it does not bear upon the duties as between him and the other partners. Hence, the bankruptcy court properly rejected the trustee's attempt to transform this case into a third party liability case, by arguing that, in their position as partnership creditors, Sollins and Brochendorff should not be charged with the knowledge they possessed as partners with respect to Kauffman's intended role. On the contrary, the fact that the former managing partners now assert claims against the partnership does not alter the governing principle that intent controls the apportionment of liabilities among partners. As general partners who were fully aware of the terms of Kauffman's tenure in the partnership, Sollins and Brochendorff cannot now "place themselves in the shoes of other creditors of the partnerships who had no knowledge of the true state of affairs." *See* D.C.Code§ 41–115(a) (recognizing partnership by estoppel only with respect to claims by persons who have reasonably relied upon outward representations of partnership). *See also Beckman v. Farmer*, 579 A.2d at 627 ("[a]lthough the rights and duties of partnership in respect to third parties can arise by law even though the parties do not intend to become partners ... as between partners themselves the relationship is consensual").

■ Finally, the district court did not err in considering extrinsic evidence to interpret the Settlement Agreement. The district court found that because the Settlement Agreement stated that upon the resignation of Sollins and Brochendorff, "Dover shall become the sole general partner in the Partnership," whereas the partnership certificates still designated Kauffman, not Dover as a general partner, the Settlement Agreement was ambiguous with respect to Kauffman's status in the partnership. *See Charter Oil Co. v. American Employers' Insurance Co.*, 69 F.3d 1160, 1167 (D.C.Cir.1995). Accordingly, the district court properly looked to extrinsic evidence to resolve an ambiguity in the Settlement Agreement's application to Kauffman. *See America First Investment Corp. v. Goland*, 925 F.2d 1518, 1520 (D.C.Cir.1991); *NRM Corp. v. Hercules Inc.*, 758 F.2d 676, 682 (1985). While the Settlement Agreement states that Dover is to be the only remaining general partner after the resignations of Sollins and Brochendorff, a subsequent letter from Dover's counsel, L. Leonard Lundy, purports to memorialize clarifications reached between the managing partners and Dover, and states that Kauffman is also a general partner. As written, however, Lundy's letter seeks to clarify only the reference in Section One of the Settlement Agreement to Dover becoming the "sole general Partner" after the resignations of Sollins and Brochendorff. Thus, the letter underscores but does not resolve the ambiguity as to whether Kauffman, in his capacity as a remaining general partner, is to shoulder liabilities pursuant to other provisions of the Settlement Agreement. The evidence relied upon by the district court—including partnership tax returns prepared by the managing partners that listed Dover, not Kauffman, as the general partner, and the amended partnership certificates, which re-

flected the resignations of the managing partners but named Dover, not Kauffman as the sole remaining general partner—supports the district court's finding that the parties had understood Kauffman's partnership tenure to have terminated once Dover qualified to conduct business in the District.

Accordingly, we affirm the judgment of the district court.