Statement Servs. Corp. v Lerock Constr., LP (2023 NY Slip Op 06769)

Statement Servs. Corp. v Lerock Constr., LP

2023 NY Slip Op 06769

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2021-06099
 (Index No. 600972/19)

[*1]Statement Services Corp., appellant, 
v
Lerock Construction, LP, et al., defendants, James Rockefeller, et al., respondents.

Law Offices of Jay S. Markowitz, P.C., Williston Park, NY, for appellant.
The Scher Law Firm, LLP, Carle Place, NY (Austin Graff of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of a loan agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered August 9, 2021. The order, insofar as appealed from, granted that branch of the motion of the defendants James Rockefeller and Dennis Rockefeller which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them and denied the plaintiff's cross-motion for summary judgment on the amended complaint insofar as asserted against those defendants.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Lerock Construction, LP (hereinafter the partnership) is a limited partnership created in 2007 for the alleged purpose of acquiring and developing certain real property located in Long Beach. The defendants James Rockefeller and Dennis Rockefeller (hereinafter together the Rockefellers) each held a 25% interest in the partnership, the defendant Barry Leon, PC, held a 5% interest, and the defendant ABL Venture Capital Group, LLC, held the remaining 45% interest. At relevant times, Barry J. Leon (hereinafter Leon) was the managing member of ABL Venture Capital Group, LLC, and the president of the plaintiff, Statement Services Corp.
In September 2007, the partnership entered into a "loan and credit agreement" (hereinafter the loan agreement) with the plaintiff. The loan agreement provided that the plaintiff would lend money to the partnership as needed. After several extensions, the repayment date of the loan was extended to December 31, 2017. Leon was the sole signatory on the loan agreement and each of the extension documents. Leon signed these documents in three different capacities: (1) as president of the plaintiff, (2) as general partner of the partnership, and (3) as "individual guarantor." The Rockefellers did not sign the loan agreement or the extension documents, and they are not mentioned in any of these documents. The plaintiff demanded repayment of the loan in full, but the partnership did not repay the loan.
In January 2019, the plaintiff commenced this action, alleging that the amount due under the loan agreement was $3,826,967. The plaintiff sought to recover from the Rockefellers their pro-rata share of the partnership's obligation under the loan agreement. The plaintiff alleged [*2]that the Rockefellers were general partners of the partnership. The plaintiff also alleged, as an alternate theory, that the Rockefellers "sufficiently (A) exercised their rights and powers as limited partners in [the partnership]; and (B) took control of the business of [the partnership] so as to establish their . . . [pro rata share of] liability for the debts of [the partnership]."
The Rockefellers moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them, arguing that, as limited partners, they could not be held personally liable for the obligations of the partnership. The Rockefellers attached various documents as exhibits to their motion, including the loan documents and a certificate of limited partnership, which established that they were limited partners. The plaintiff cross-moved for summary judgment on the amended complaint insofar as asserted against the Rockefellers. The Supreme Court granted that branch of the Rockefellers' motion which was to dismiss the amended complaint insofar as asserted against them and denied the plaintiff's cross-motion. The plaintiff appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must liberally construe the complaint, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Cantor v Villucci, 212 AD3d 765, 766). "Where a party offers evidentiary proof on a motion pursuant to CPLR 3211(a)(7), and such proof is considered but the motion has not been converted to one for summary judgment, the criterion is whether the proponent of the pleading has a cause of action, not whether the proponent has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715-716 [internal quotation marks omitted]).
Limited partners cannot be held liable for the obligations of the partnership unless, in addition to exercising their rights and powers as limited partners, they take part in the control of the business (see Partnership Law § 96; Hajar, Inc. v One Peach Assoc., 281 AD2d 592, 592; Martinez v City of New York, 262 AD2d 289, 290).
Here, the amended complaint, together with the parties' submissions, failed to sufficiently allege or evince facts that would support a finding that the Rockefellers were general partners, rather than limited partners, or that the Rockefellers took part in the control of the partnership. The certificate of limited partnership filed with the New York Department of State, which requires that each general partner sign the document, lists Leon as the only general partner of the partnership. No reference to the Rockefellers appears anywhere on the certificate. "The certificate constitutes public notice of the existence of a limited partnership and the nature of each partner's participation as a general or limited partner which is binding upon the partners" (Arno Mgt. Corp. v 115 E. 69th Assoc., 173 AD2d 258, 260 [citation omitted], citing Partnership Law § 91[1][b]). Furthermore, among other things, Leon was the only signatory on the loan agreement and extension documents, and the Rockefellers were not mentioned in those documents. This reflects that Leon, as the sole general partner, was solely responsible for borrowing money from the plaintiff. Moreover, Leon purchased the real property to be developed by the partnership in his own name and asserted himself as the owner in a subsequent eviction proceeding that he commenced with respect to the property.
Accordingly, the Supreme Court properly granted that branch of the Rockefellers' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them and denied the plaintiff's cross-motion for summary judgment on the amended complaint insofar as asserted against the Rockefellers.
The parties' remaining contentions need not be reached in light of our determination.
LASALLE, P.J., MILLER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court