■ Scott Pitcher, Respondent, v Michelle C. Quinn et al., Appellants.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered December 30, 1986 in Albany County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this personal injury action for damages sustained in an accident while a passenger in a car driven by defendant Michelle C. Quinn and owned by defendant Galesi Realty Corporation. Defendants Brandt Latham and Henry Latham were, respectively, the driver and owner of another car involved. James Quinn was another passenger in the car driven by his sister Michelle and also suffered injuries. His action for damages settled during this action's pendency.

Defendant Quinn was examined at a deposition on December 31, 1985 but James Quinn was not examined until September 19, 1986, the date to which Supreme Court had ordered discovery extended. On October 1, 1986, Supreme Court set a December 5, 1986 trial date. The transcript of James

Quinn's deposition was not available until about November 7, 1986. About two weeks later, defendants served supplemental bills of particulars alleging that plaintiff was intoxicated and responsible for the operation of the car and, thereby, was negligent and assumed the risk. Plaintiff's attorney refused to accept these pleadings as untimely.

Defendants then sought leave to serve these pleadings. Supreme Court determined that they were not timely served and precluded defendants from offering evidence that plaintiff negligently affected the conduct of the car's driver, defendant Quinn. Following a bifurcated trial, the jury assessed the respective degree of fault at 75% for defendants Quinn and Galesi, 20% for defendants Latham and 5% for James Quinn, and awarded plaintiff $500,000. Defendants now appeal, arguing that Supreme Court erred in failing to permit service of the supplemental bills of particulars. It should be noted that defendants Latham claim that such error was harmless.

We affirm. Although leave to amend pleadings should be freely granted (CPLR 3025 [b]), a trial court retains discretion to grant such leave and we will not lightly interfere with that discretion (see, Beuschel v Malm, 114 AD2d 569). We have consistently held that leave to amend pleadings should be sought shortly after discovery or awareness of the facts upon which the leave is predicated, especially where an action is ready for trial (supra; see, De Carlo v Economy Baler Div. of Am. Hoist & Derrick Co., 57 AD2d 1002).

In this case, the supplemental bills of particulars were served some two weeks before trial. Defendants contend that this was unavoidable because of the late date of James Quinn's deposition and of the transcript's availability. Our review of the record, however, reveals that James Quinn's deposition testimony about plaintiff's intoxication and responsibility for the car's operation was merely cumulative to that of defendant Quinn's deposition testimony. Indeed, the attorney for defendants Latham conceded that defendant Quinn's deposition testimony was of greater significance than James Quinn's deposition testimony. Thus, defendants could have supplemented their bills of particulars following defendant Quinn's deposition held some 11 months before the supplemental bills were served. Under these circumstances, we see no reason to interfere with Supreme Court's discretion in disallowing service of the supplemental bills of particulars on the eve of trial.

Judgment affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.