■ WANITA A. MENTE, as Executrix of ORLO MENTE, Deceased, et al., Respondents, v FLORENCE WENZEL Individually and as Administratrix of the Estate of GEORGE WENZEL, Deceased, et al., Appellants.—Mahoney, P. J.

In 1962, plaintiffs' decedents (hereinafter plaintiffs) took up residence on property in the Town of Barton, Tioga County, owned as tenants by the entirety by defendant Florence

Wenzel and her late husband, George Wenzel.[1] Plaintiffs allege that they entered into an oral agreement to purchase the property and began making payments pursuant thereto. They further allege that the agreement was modified on certain occasions so that by 1974 they were entitled to a deed to the premises. No deed was forthcoming, allegedly because Florence refused to execute a deed. In 1984, Florence did execute a deed in favor of plaintiffs but George never executed the deed. The circumstances surrounding execution by Florence are subject to some dispute but the deed as drafted clearly denominates "GEORGE WENZEL AND FLORENCE B. WENZEL, husband and wife" as "party of the first part" who are to execute the deed. Only Florence's signature appears on the deed.

Plaintiffs commenced this action to, *inter alia,* enforce the alleged oral agreement, establish the validity of the deed from Florence and be declared the owners of the property. Defendants answered, asserting, *inter alia,* the Statute of Limitations and the Statute of Frauds as affirmative defenses, as well as claiming that the initial agreement with plaintiffs was to lease the property and not for its sale. Meanwhile, defendants signed a deed purporting to convey the property to their children.[2] Following discovery, plaintiffs moved for, *inter alia,* summary judgment. Defendants cross-moved for, *inter alia,* permission to amend their answer to assert affirmative defenses of fraud, duress and misrepresentation in Florence's execution of the deed to plaintiffs, as well as for summary judgment.[3] Supreme Court denied defendants' cross motions to amend their answer and, on the merits, found plaintiffs' alleged oral contract barred by the Statute of Frauds and the Statute of Limitations. Supreme Court nonetheless determined

1. George Wenzel was a named defendant in this action prior to his death and Florence, as representative of his estate, stands in his place. Our references to defendants collectively shall be to George and Florence. The other defendants are the Wenzels' children, who shall be denominated as such. We should also note that plaintiffs were alive at the commencement of this action and depositions of all the parties now dead were accomplished prior to their deaths.

2. There is some reference in the record that defendant Dann Wenzel subsequently conveyed his interest to his sister, defendant Susan Wenzel. Since there is no deed in the record to confirm this transaction, our review proceeds without consideration of any such conveyance.

3. It should be noted that George initially separately appeared and had different representation than the other defendants and that two cross motions, seeking similar but not altogether identical relief, were made. Since all defendants appear together on the appeal and have essentially common interests, we see no prejudice in treating the cross motions and other pleadings together.

that plaintiffs were the owners of the property by virtue of the deed to plaintiffs executed by Florence who thereby conveyed to plaintiffs her share of the tenancy by the entirety which ripened into full ownership upon George's death *(see, V.R.W., Inc. v Klein,* 68 NY2d 560, 564-565). From the judgment entered thereon, defendants appeal.

We first find no abuse of discretion in Supreme Court's conclusion that defendants should not be permitted to amend their answer to assert fraud, duress and misrepresentation as affirmative defenses. Although leave to amend pleadings should be freely granted (CPLR 3025 [b]), we do not generally infringe upon a trial court's exercise of its discretion on this issue *(see, e.g., Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.,* 152 AD2d 62, 67). Here, the motion to amend was made some 4½ years after commencement of the action and there is no acceptable reason advanced for the delay. Under such circumstances, we see no abuse of Supreme Court's discretion in denying the request for leave to amend *(see, e.g., supra; Pitcher v Quinn,* 144 AD2d 115, 116).

Turning to the merits, defendants contend that Supreme Court erred in concluding that the deed signed by Florence conveyed to plaintiffs her interest in the property which ripened into full ownership upon George's death. We agree. The import of a deed must be assessed by the intent of the parties, insofar as it can be determined from the entire document (Real Property Law § 240 [3]; *see, Wechsler v People,* 147 AD2d 755, 757, *lv denied* 74 NY2d 610, *appeal dismissed* 74 NY2d 793, 75 NY2d 808). Here, the deed clearly was drafted to effect a transfer of defendants' combined interest in the property, not merely Florence's interest without George's. The grantors are denominated as the "party of the first part" and both George and Florence are specifically identified. Further, the deed concludes, "the party of the first part has duly executed this deed" although only Florence actually executed the document. It has been observed that "party of the first" can and often does refer to multiple grantors *(see, Clonick v Gordon,* 11 NYS2d 703, 704-705), as is the case here. It is apparent from the document, then, that the transfer of property was intended to occur only upon both proposed grantors, the specified party of the first part, executing the deed. Since this never transpired, we conclude that no interest in the property was conveyed by the deed to plaintiffs. Therefore, defendants were free to convey the property to their children, who stand as the rightful owners and the judgment must be modified accordingly.

We note that plaintiffs have failed to challenge Supreme Court's determination that the alleged oral agreement to purchase the property is barred by the Statute of Frauds and the Statute of Limitations although plaintiffs, despite their nonappealing status, are entitled to raise these issues (see, e.g., *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 545-546). Upon our review of the record, we would endorse Supreme Court's rationale in finding that the oral agreement as alleged by plaintiffs is barred by the Statute of Frauds and the Statute of Limitations.

Judgment modified, on the law, with costs, by reversing so much thereof as granted plaintiffs' motion for summary judgment, denied defendants' cross motions for summary judgment and declared plaintiffs as the owners of the real property described in the second decretal paragraph thereof; plaintiffs' motion for summary judgment denied, defendants' cross motions for summary judgment granted in part and defendants Susan Wenzel and Dann Wenzel declared owners of the aforesaid property; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.