■ RICHARD J. HERRMANN, JR., Respondent, v SUZANNE B. BILKA, Appellant.—Casey, J. P. Appeal from a order of the Supreme Court (Plumadore, J.), entered March 21, 1989 in Saratoga County, which, in an action pursuant to RPAPL article 9, *inter alia,* directed the partition and sale of certain real property owned by the parties as tenants in common.

Plaintiff commenced this action seeking, *inter alia,* the partition and sale of a single-family residence located on a single lot in the Town of Clifton Park, Saratoga County, and occupied by defendant. The property was purchased by defendant and her former boyfriend, Donald Bohaker, as joint tenants in February 1985. After his relationship with defendant ended, Bohaker moved from the property and in July 1987 he conveyed all his right, title and interest in the property to plaintiff. Defendant's answer asserts a number of affirmative defenses based largely upon the alleged actions of Bohaker, plaintiff's predecessor in title, and upon the existence of a pending action between Bohaker and defendant.

By notice dated June 8, 1988, the parties were advised that all pending motions in the action would be heard and disposed of at a motion term on Monday, July 25, 1988 at 9:30 A.M. Although it is not clear whether any motion was actually pending when the notice was sent out, plaintiff moved on July 7, 1988 for summary judgment partitioning the property, striking defendant's affirmative defenses and appointing a Referee to ascertain and report the rights, shares and interests of the parties in the property. The motion was made returnable on July 25, 1988 at 9:30 A.M., and the notice of motion required the service of answering papers at least seven days before the return date, pursuant to CPLR 2214 (b). Defendant failed to appear on the return date and failed to

comply with the seven-day demand, although answering papers were apparently filed with the County Clerk's office shortly before noon on July 25, 1988. In an order entered July 25, 1988, Supreme Court granted plaintiff's motion, struck defendant's affirmative defenses and appointed a Referee to ascertain and report the parties' rights, shares and interests in the property.

By notice of motion returnable August 9, 1988, defendant sought to amend her answer to assert two additional affirmative defenses. The motion was denied by Supreme Court in an order dated August 22, 1988. Shortly thereafter, defendant moved to vacate the default and also sought reconsideration of the denial of her motion to amend her answer. By order dated January 3, 1989, Supreme Court denied this motion.

In a report dated January 25, 1989, the Referee found, *inter alia,* that plaintiff and defendant each had an undivided one-half interest in the property, that the property was so circumstanced that a partition thereof could not be made without great prejudice to the parties and that a sale of the property was, therefore, necessary. Plaintiff moved to confirm the report and to direct the sale of the property. The motion was granted by order entered March 21, 1989, from which defendant has taken an appeal.

Defendant contends that Supreme Court erred in denying her motion to vacate the default which resulted in the order granting summary judgment to plaintiff and her motion to amend her answer. Plaintiff argues that defendant cannot raise these issues since she failed to take a timely appeal from either of those earlier orders. We conclude, however, that defendant has appealed from what is, in effect, a final judgment and, therefore, the earlier nonfinal orders are reviewable on this appeal *(see,* CPLR 5501 [a]).

On the merits, we see no error in the denial of defendant's motion to vacate her default. Assuming that defendant's law office failure claim should be accepted as excusable neglect *(see,* CPLR 2005), defendant was nevertheless required to make a prima facie showing of legal merit to her defense *(see, David Sanders, P. C. v Harris A. Sanders, Architects, P. C.,* 140 AD2d 787, 789), and the papers belatedly filed in opposition to the motion for summary judgment contain nothing which would justify denial of plaintiff's motion.

As to defendant's motion to amend her answer to include two additional affirmative defenses, we find no abuse of discretion in Supreme Court's denial of that motion. Defendant

clearly had sufficient knowledge to seek the amendment long before the motion was actually made (see, Jones v Gelles, 140 AD2d 819, 821), and the motion papers allege conclusions, not facts, to support the additional defenses.

We also reject defendant's claim that Supreme Court erred in confirming the Referee's report. Since defendant's affirmative defenses were properly stricken, the Referee correctly refused to consider them. Accepting defendant's contention that the order of referral, entered upon plaintiff's motion for summary judgment, did not preclude the Referee from considering whether the expenditures made by defendant entitled her to a greater share (see, RPAPL 911, 915, 943; see also, Worthing v Cossar, 93 AD2d 515), there are no factual allegations in the record sufficient to raise such an issue. Defendant's pleadings and motion papers claim that plaintiff is entitled to a lesser share due to equitable considerations based upon the alleged conduct of plaintiff's predecessor in title, not upon alleged disparities in the down payments and mortgage payments. Supreme Court and the Referee complied with the requirements of RPAPL article 9, and the order confirming the Referee's report should therefore be affirmed.

Order affirmed, with costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.