■ WANITA A. MENTE, as Executrix of ORLO MENTE, Deceased, et al., Appellants, v FLORENCE WENZEL et al., Respondents.—Mahoney, P. J. Appeal from an order of the Supreme Court (Rose, J.), entered December 7, 1990 in Tioga County, which, *inter alia,* granted defendants' motion for an order directing plaintiffs to vacate possession of certain property owned by defendants Susan Wenzel and Dann Wenzel.

In 1984, plaintiffs' decedents, Marjorie Mente and Orlo Mente, commenced this action to, *inter alia,* enforce an alleged oral agreement between themselves and defendants George Wenzel and Florence Wenzel which involved the alleged sale of certain real property owned by the Wenzels.* In 1988, this court modified a judgment of Supreme Court and granted title to the subject property to defendants (158 AD2d 775, *lv denied* 76 NY2d 701). Based on this court's order, defendants moved for, *inter alia,* an order for removal of plaintiffs from the property. Plaintiffs then renewed a motion to amend their complaint to add a cause of action for adverse possession and asked the court to set a trial date on the "remaining issues" of adverse possession and unjust enrichment which were not addressed by this court in its 1988 decision. Supreme Court granted defendants' motion and denied plaintiffs the relief they sought. This appeal followed.

We affirm. Although leave to amend pleadings should be freely granted (CPLR 3025 [b]), we find no reason to infringe upon Supreme Court's exercise of discretion on this issue. Here, the action was commenced in 1984. Since that time, three of the original four persons involved in the dispute have died so that, in our view, defendants would be seriously

---

* The facts underlying this action are recited in an earlier opinion of this court and need not be repeated here *(see,* 158 AD2d 775, *lv denied* 76 NY2d 701).

hindered from conducting discovery on the issues involved. We further agree with Supreme Court that plaintiffs' proposed cause of action for adverse possession is meritless inasmuch as the Mentes initially entered the property with the Wenzels' permission under either a lease or contract of sale *(see, Hinkley v State of New York,* 234 NY 309, 316-317).

Turning to the other remaining issue *(see,* 158 AD2d 775, *supra),* we hold that Supreme Court properly granted summary judgment dismissing plaintiffs' cause of action based on unjust enrichment. A cause of action for unjust enrichment arises when one party possesses money or obtains a benefit that in equity and good conscience they should not have obtained or possessed because it rightfully belongs to another *(see, Parsa v State of New York,* 64 NY2d 143, 148). Here, it is undisputed that the Mentes lived on the subject property from 1963 until the commencement of this action without making any payments to the Wenzels for the sale or rental of the property. Even accepting plaintiffs' argument that the Wenzels received Orlo Mente's personal services and improvements on the property, plaintiffs have failed to submit proof in admissable form that such services unjustly enriched the Wenzels, given the free use and possession of the property the Mentes received for over 20 years. Nor have plaintiffs presented proof that the Mentes ever requested payment from the Wenzels.

Thus, it is clear that plaintiffs did not adequately respond to defendants' motion for summary judgment by demonstrating a material issue of fact as to "whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered" *(Paramount Film Distrib. Corp. v State of New York,* 30 NY2d 415, 421, *cert denied* 414 US 829).

Weiss, Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the order is affirmed, with costs.

