■ WILLIAM R. JONES, Individually and as a Stockholder of MARE ISLAND CORPORATION, Respondent, v GEORGE STORY, Individually and as an Officer and Stockholder of MARE ISLAND CORPORATION, et al., Respondents, and MARE ISLAND CORPORATION, Appellant. [660 NYS2d 223] —Yesawich Jr., J. Appeals (1) from an order of the Supreme Court (Keniry, J.), entered April 2, 1996 in Saratoga County, which, *inter alia*, granted defendant Terrence D. McGee's motion to discontinue the action, and (2) from an order of said court, entered January 4, 1995 in Saratoga County, which, *inter alia*, denied a motion by defendant Mare Island Corporation for leave to serve an amended answer.

In April 1986, plaintiff and defendants George Story and

Curt Jones formed defendant Mare Island Corporation, for the purpose of owning, training and racing standardbred horses. The three were equal shareholders in the corporation but had orally agreed that, inasmuch as plaintiff had advanced the funds to purchase the principal corporate assets—real estate and several horses—and was to pay all of the corporation's operating expenses, he would first be reimbursed in full, with any profits earned thereafter to be divided three ways.

Several months later, one of the corporation's horses, a mare named "Scenic Regal", and the real property (an island in the Hudson River) were transferred to defendant Terrence D. Mc-Gee. Although Scenic Regal was lame at the time of the transfer, she went on to have a successful racing career. Mare Island, though not dissolved, was left without assets and apparently ceased doing business.

Plaintiff, who contends that Story, Jones and McGee designed and executed this transaction so as to avoid repaying the substantial sums he had contributed to the corporate enterprise, commenced this action "individually and as a stockholder of Mare Island Corporation" alleging, *inter alia*, that Jones and Story transferred Scenic Regal and the real estate without his consent, and did not receive adequate or fair consideration therefor. McGee answered and cross-claimed against the other defendants; Story and Jones—who filed a joint answer with Mare Island—each interposed counterclaims against plaintiff. Significantly, all of the defendants denied the allegations that Mare Island had been divested of its assets for less than fair consideration.

While the action was pending, Story and Jones transferred their interests in Mare Island to Story's mother, who retained separate counsel to protect the corporation's interests in the litigation. Mare Island thereafter moved—some five years after issue was joined—for leave to serve an amended answer with cross claims against McGee; Story also moved to amend his answer to now admit the allegations that he and Jones had not received fair and adequate consideration for the assets they had transferred to McGee.* Supreme Court, finding inadequate evidentiary support for the amendments, denied both motions without prejudice.

---

* Evidently, Story, Jones and McGee had agreed to share in Scenic Regal's earnings after the transfer, and Story believed that McGee had failed to comply with that agreement. Thus, he sought to recover from McGee directly (on the cross claims), and to facilitate plaintiff's recovery on behalf of the corporation—in which his mother is now the only other shareholder—by admitting his wrongdoing.

In August 1994, Story and Mare Island again sought permission to amend their answers, and in support thereof submitted Story's affidavit attesting to the fact that his earlier denials had been false and that he had delayed in correcting the misstatements—which he had apparently repeated under oath in his criminal trial—until after the Statute of Limitations for perjury had expired. Supreme Court again denied the motions, and Mare Island appeals from the resulting order.

Then, at the end of 1995, plaintiff settled his dispute with McGee and Jones, and the three agreed to discontinue their claims, cross claims and counterclaims against each other and Mare Island, leaving outstanding only plaintiff's claims against Story and one of Story's counterclaims (the other having been discontinued by stipulation). Story and Mare Island refused to stipulate to the discontinuance sought by the other parties, however, prompting McGee to seek a court order discontinuing those claims (*see*, CPLR 3217 [a] [2]; [b]). Supreme Court granted the motion, in which plaintiff had joined, and Mare Island appeals.

Although, absent prejudice, leave to amend pleadings should be freely given (*see*, *McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757), Supreme Court did not abuse its discretion by refusing to permit the amendment sought by Mare Island. Not only was the proposed amendment based on facts that had been known to the corporation, through its principals Jones and Story, since the inception of the lawsuit (*see*, *Beuschel v Malm*, 114 AD2d 569), but it would have drastically changed the entire posture of the action, undeniably causing prejudice to McGee, who had been allowed to proceed through discovery and prepare for trial in reliance upon the fact that his position comported with that of the other defendants (*see*, *Poughkeepsie Iron Fabricators v 515 Seventh Assocs.*, 158 AD2d 404, 405).

Nor do we find any basis in the record for denying the motion for discontinuance. While an improper motive might be insinuated from the timing of the request—almost nine years into the litigation, and roughly one month before the scheduled trial date—(*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3217:12, at 732), that does not appear to be the case here (*compare*, *Kane v Kane*, 163 AD2d 568, 571), for the motion was spurred by plaintiff's settlement with Jones and McGee, and an ostensibly genuine desire to cease litigating the claims at issue.

Distilled to its essence, Mare Island's claim of prejudice amounts to an assertion that it has been wrongfully deprived

of an opportunity to recover from Jones and McGee on the derivative claims because plaintiff has been allowed to discontinue those claims while keeping the settlement proceeds for himself, rather than channelling them through the corporation. No injustice has been worked on the corporation by plaintiff's settlement, however, because, as Supreme Court found, the dispute—as framed by the pleadings—had been reduced to one between the three original shareholders and McGee, in their individual capacities. It is noteworthy, in this regard, that although Mare Island, in its answer, expressly denied the allegations upon which the derivative claims were premised (namely, that Jones and Story had transferred corporate assets to McGee for less than fair consideration), it now seeks to compel plaintiff to litigate those very claims on its behalf. In so doing, the corporation endeavors to achieve indirectly what it was prevented from doing directly, namely, to recover from McGee on behalf of Jones and Story, or their assignee, the only persons (aside from plaintiff) who stand to benefit from continuing prosecution of the derivative claims. It is also worth noting, in this regard, that there is no evidence that the corporation had any other creditors.

Under these circumstances, it was not improper to permit plaintiff, who was apparently the only innocent party with anything to gain from continued litigation (*cf.*, *Glenn v Hoteltron Sys.*, 74 NY2d 386)—and who sought primarily to recover for harm defendants inflicted upon him personally, independent of any wrong suffered by the corporation (*see*, *Hammer v Werner*, 239 App Div 38, 44)—to settle and discontinue the action in his individual capacity.

Mare Island's remaining contentions have been considered and found meritless.

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the orders are affirmed, with one bill of costs.