■ SCOTT HASSAN, Respondent-Appellant, v HENRY SCHWEIZER, Appellant-Respondent. (Action No. 1.) SCOTT HASSAN, Respondent-Appellant, v SCHWEIZER LUMBER COMPANY, INC., Appellant-Respondent. (Action No. 2.) [716 NYS2d 169]

—Graffeo, J. Cross appeals from an order of the Supreme Court (Kramer, J.), entered August 31, 1999 in Schenectady County, which, *inter alia*, denied the parties' motions for leave to serve amended pleadings.

Plaintiff commenced this negligence litigation in December 1990 to recover damages for personal injuries he sustained on August 22, 1985 while working in a sawmill owned by defendant Henry Schweizer (hereinafter defendant).[1] At the time of the accident, plaintiff was 15 years old and his father was employed full time as a foreman at the mill. Plaintiff periodically worked as a laborer at the mill during summers, on Saturdays and after school. On the day of the incident, as plaintiff was walking past a planing machine, his right hand came in contact with one of the blades, which severed several of his fingers.

Plaintiff alleged in the complaint that he was a mill employee at the time of his injury and that defendant had failed to provide workers' compensation benefits as the law required. In his answer, defendant denied these allegations, indicating that plaintiff was a trespasser when the incident occurred. Nearly eight years elapsed while the parties apparently engaged in discovery, during which time plaintiff filed a bill of particulars alleging violations of various Labor Law provisions in support of his negligence claim. At a deposition conducted in 1998, defendant asserted that, immediately after the accident, he and plaintiff's father discussed the possibility of filing a workers' compensation claim on plaintiff's behalf, but no application was made because defendant feared he would be fined by the Occupational Safety and Health Administration if the accident was reported. Plaintiff indicated in his deposition that he was not advised of the availability of workers' compensation relief or of the discussion between defendant and his father concerning such benefits.

Supreme Court issued a scheduling order on stipulation of the parties which directed a date by which all dispositive motions were to be made and ordered that a note of issue be filed on or before December 31, 1998. In June 1999, after plaintiff had filed a note of issue,[2] defendant moved for leave to amend his answer to replace those allegations that denied plaintiff

---

**1.** In 1985, when the incident occurred, the sawmill was apparently owned by defendant individually. Thereafter, defendant formed Schweizer Lumber Company, Inc., the defendant in action No. 2. As both actions arise from the same incident and involve the same allegations and essential parties, for purposes of this appeal we refer to the two actions as if they were one.

**2.** The note of issue was not included in the record.

was an employee with an affirmative defense that, due to his status as a mill employee, plaintiff's claim was barred because workers' compensation benefits were his exclusive remedy.

Plaintiff opposed the motion on the ground that it was untimely given the scheduling order, that no excuse or explanation had been provided for the failure to bring the motion sooner, and that it would result in extreme prejudice because, if credited, the defense would extinguish his entire action. In addition, plaintiff cross-moved for leave to amend his complaint to add references to Labor Law § 133 provisions he maintained defendant had violated which prohibit a minor from being employed in a sawmill and from assisting in the use of cutting machinery. Plaintiff also sought summary judgment in his favor based on defendant's alleged violation of these Labor Law provisions. Supreme Court denied all of the parties' motions in an oral decision issued from the bench and a written order was entered. These cross appeals challenging the denial of each of the parties' motions ensued.

We begin by observing that "[a]lthough leave to amend pleadings should be freely granted (CPLR 3025 [b]), we do not generally infringe upon a trial court's exercise of its discretion on this issue" (*Mente v Wenzel*, 158 AD2d 775, 777, *lv denied* 76 NY2d 701). We have declined to disturb Supreme Court's exercise of its discretion in denying such applications based upon findings of inordinate and unjustified delay in bringing the motion or undue prejudice (*see, e.g., Jones v Story*, 241 AD2d 853, *lv dismissed and denied* 91 NY2d 853; *Constellation Bank v Binghamton Plaza*, 237 AD2d 854; *Jacobsen v Amedio*, 218 AD2d 872; *Herrmann v Bilka*, 166 AD2d 756; *Mente v Wenzel, supra*).

In this case, we are not privy to Supreme Court's rationale in denying the motions because the court's oral decision is not transcribed in the record. Under these circumstances, as the applicable standard of review requires deference to the motion court, we will not disturb its order denying the applications to amend unless it is evident that there could have been no proper basis for the decision. Our review of the record in this case reveals several grounds which would have justified the decision, and we therefore affirm the denial of the parties' applications.

As for defendant's request to add a workers' compensation defense, the motion was both untimely under Supreme Court's scheduling order and made more than nine years after the commencement of the action, with no explanation proffered for this extraordinary delay (*see, Herrmann v Bilka, supra*, at 757-

758; *Mente v Wenzel, supra,* at 777). Moreover, given the evidence in the record that defendant discouraged the filing of a workers' compensation claim for his own purposes, that the facts underlying the defense were known to him from the inception of the lawsuit and that granting the motion "would have drastically changed the entire posture of the action" (*Jones v Story,* 241 AD2d 853, 855, *supra*), the interposition of such a defense at this stage of the litigation would be inappropriate and unduly prejudicial.

With respect to plaintiff's cross motion to amend the complaint to add references to the Labor Law, we find no error in the denial of the application as amendment of the complaint was unnecessary. A plaintiff in a negligence action may present evidence of violations of relevant statutes in support of such a claim (*see, e.g., Noviczski v Homeyer,* 238 AD2d 860), but we have found no authority indicating the statutory violations must be specified in the complaint. Rather, a complaint is sufficient if it generally provides notice of the "event out of which the grievance arises" and contains allegations which "cover the substantive material elements that make up the particular cause of action relied on" (Siegel, NY Prac § 208, at 327 [3d ed]; *see,* CPLR 3013). Any alleged statutory violations should be particularized in the "acts or omissions constituting the negligence claimed" (CPLR 3043 [a] [3]) in a plaintiff's bill of particulars.

In this case, plaintiff generally articulated a negligence cause of action in his complaint and listed the conduct allegedly constituting negligence in his bill of particulars in 1996, which included specific allegations that defendant violated Labor Law § 133. As the alleged statutory violations were merely being cited by plaintiff as evidence of negligence, there was no need for plaintiff to amend his complaint to reference the statute.

We also conclude that plaintiff's motion for partial summary judgment predicated on violation of these Labor Law § 133 provisions was properly denied. Assuming plaintiff is able to establish that defendant violated the statute restricting the employment of minors, this without more would be insufficient to warrant recovery as plaintiff must demonstrate the conduct was a proximate cause of his injury, a question of fact "properly left for the trier of fact to resolve" (*Baldwin v Degenhardt,* 189 AD2d 941, 943 [dissenting mem], *revd on dissenting mem below* 82 NY2d 867).

Crew III, J. P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

■ Harold A. Towne et al., Individually and as Parents and Guardians of Heath S. Towne, an Infant, Respondents, v