■ ADIRONDACK PARK AGENCY, Appellant-Respondent, v KIM VILARDO, Respondent-Appellant. [736 NYS2d 132] —Carpinello, J. Cross appeals from an order of the Supreme Court (Dawson, J.), entered September 18, 2000 in Essex County, which, inter alia, denied plaintiff's and defendant's motions for summary judgment.

In 1985, several leasees of property owned by Mollie Cole in an area referred to as Coates Point on Lake George in the Town of Ticonderoga, Essex County, formed the Coates Point Association (hereinafter Association) for the purpose of acquir-

ing title to their respective lots from Cole.[1] At that time, Cole wanted to retain title to certain parcels of land within Coates Point, including a parcel now owned by defendant. The Association applied for subdivision approval of a "15 lot subdivision of existing privately owned cottages" and, in September 1986, a subdivision permit containing numerous terms and conditions was issued by plaintiff. Notably, Cole was *not* a member of the Association and signed the application as "property owner" only. In 1988, defendant purchased the subject parcel from Cole and within another two years applied for permits to build a home. This action was commenced by plaintiff to enforce certain restrictions contained in the September 1986 permit issued to the Association, to enforce two cease and desist orders issued to defendant and to impose a civil penalty against defendant based on her alleged violations of the permit and the orders. Both parties steadfastly maintain that they are each entitled to summary judgment.

Plaintiff, for its part, claims that defendant's property is clearly included within the subdivision permit and that she violated sewer disposal, setback, building size, encroachment and seasonal occupancy requirements contained within the permit when she commenced construction of her new home without plaintiff's approval.[2] Defendant argues that plaintiff lacks jurisdiction over her property because it is not subject to the terms of the permit. Upon our review of the record, we agree with Supreme Court's assessment that questions of fact exist concerning this fundamental point thus precluding summary judgment in either party's favor.

Briefly, although defendant's property is listed as an affected lot in the permit itself, it was not identified as one of the numbered lots in the application filed by the Association. To this end, defendant repeatedly points out that neither she nor Cole was ever a member of the Association. She also argues, with some record support, that neither Cole nor any member of the Association intended the subject property to be included as a parcel covered by the application. Indeed, according to defendant, it was only *after* Cole signed the application that the subdivision map was altered to add her property as a numbered lot thereby ostensibly bringing it within the Association, an

---

**1.** The Association members owned the cottages on their respective parcels but did not own the land and accordingly paid annual rent to Cole. They also paid the real estate taxes for their cottages.

**2.** Defendant did obtain a building permit from the Town of Ticonderoga, a permit to operate a wastewater treatment system from the Lake George Park Commission and a permit to construct a retaining wall from the Department of Environmental Conservation.

alteration which was done without notice to, or approval by, Cole. Finally, although plaintiff claims that defendant had "actual notice" of the subdivision permit and its restrictions when she purchased her property, it is undisputed that the permit was recorded and indexed in the name of the Association only. Under these circumstances, there is clearly a question of fact as to whether the subdivision permit and its ensuing restrictions apply to defendant's lot.[3]

We are further unpersuaded by plaintiff's contention that certain affirmative defenses should have been dismissed by Supreme Court and that the court abused its discretion in granting a defense cross motion to amend the answer to include an additional affirmative defense, namely, selective enforcement. With respect to this latter claim, we note that pleading amendments are normally freely given and this Court does not generally interfere with a trial court's discretionary decision on such applications (*see, e.g., Hassan v Schweizer*, 277 AD2d 797, 799). In support of the motion, defendant made a factual showing regarding this defense which was sufficient to support the amendment (*cf., Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation*, 260 AD2d 920, 923-924, *lv denied* 93 NY2d 815).

Spain, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

3. We similarly find a question of fact concerning whether Coates Point existed as a preexisting subdivision prior to August 1, 1973 as that term is specifically defined under plaintiff's enabling legislation (*see,* Executive Law § 802 [63]). The record reveals that as far back as 1939, Coates Point was divided into specifically maintained parcels of land which were leased to and separately occupied by various families. Although the record is devoid of any subdivision map having been filed for the separately leased parcels, we note that Executive Law § 802 (63) includes within the definition of subdivision "any division of land into two or more lots * * * for the purpose of * * * lease * * * or any form of separate ownership or occupancy * * * [and that] [s]ubdivision of land shall include any map, plat or other plan of the division of land, *whether or not previously filed*" (emphasis supplied).